# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Shubhada Industries ) | ASBCA No. 58173 |
| ) | |
| Under Contract No. SPM4A7-10-M-C273 ) | |

APPEARANCE FOR THE APPELLANT:      Mr. Babu Metgud
      Vice President

APPEARANCES FOR THE GOVERNMENT:     E. Michael Chiaparas, Esq.
      DCMA Chief Trial Attorney
      Gregory T. Allen, Esq.
      Trial Attorney
      Defense Contract Management Agency
      Chantilly, VA

## OPINION BY ADMINISTRATIVE JUDGE YOUNGER ON THE GOVERNMENT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

In this appeal challenging the termination settlement decision of a supply contract, the government moves to dismiss for failure to prosecute. We grant the motion and dismiss the appeal with prejudice.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. By date of 7 May 2010, the Defense Supply Center, Richmond, Virginia (Center), awarded Contract No. SPM4A7-10-M-C273 to Shubhada Industries (Shubhada) for the supply of specified cover assembly ducts, as well as for first article testing (R4, tab 3 at 3, 8).

2. By date of 3 August 2010, the Center issued unilateral Modification No. P00001 to Shubhada. The modification constituted a stop work order "DUE TO CHANGE IN DEMAND AND POSSIBILITY OF TERMINATION/CANCELLATION." (R4, tab 4 at 1-2) Thereafter, by date of 12 August 2010, the Center issued unilateral Modification No. P00002 to Shubhada, terminating the contract for the convenience of the government (R4, tab 5 at 1-2).

3. By date of 10 August 2011, Shubhada submitted a settlement proposal (R4, tab 10; gov't mot., ex. G-10). The parties failed to agree on an amount, and by final decision dated 20 March 2012, the terminating contracting officer determined that

Shubhada was entitled to $500 as a result of the termination of the contract (R4, tab 40).

4. Shubhada thereafter brought this timely appeal. The Board concluded that the appeal would be expedited if the government filed the complaint and Shubhada filed the answer. Accordingly, by order dated 27 March 2013, the Board directed the government to file and serve the complaint on or before 15 May 2013.

5. The government filed the complaint on 16 May 2013. By order dated 23 May 2013, the Board ordered Shubhada to file and serve an answer or other responsive pleading by or before 20 June 2013.

6. Shubhada failed to file an answer as ordered by the Board. By date of 23 October 2013, the government filed a motion to compel Shubhada to answer the complaint.

7. Shubhada persisted in failing to file an answer to the complaint, and, by order dated 4 December 2013, the Board again ordered Shubhada to file an answer by or before 24 December 2013.

8. Shubhada again failed to file an answer as ordered by the Board. On 7 April 2014, the government filed the present motion to dismiss for failure to prosecute. By order dated 8 April 2014, the Board ordered Shubhada to file and serve its response to the motion by or before 8 May 2014.

9. On 9 June 2014, the Board held a conference call with Shubhada's vice president and with government counsel. Following the conference call, by order of the same date, the Board granted Shubhada until 30 June 2014 to respond to the government's motion.

10. In a 30 June 2014 email to the Recorder, Shubhada asserted that it had prosecuted the appeal by filing its complaint. Shubhada also stated that the Board "has been...HARASSING our Small DISADVANTAGED BUSINESS" and "is not Interested in Resolving the Issues Relating [to] the UNPAID INVOICE of this company." Shubhada recited advice from unnamed attorneys, who were said to have advised "seek[ing] the help of the REGULAR COURT." Since its email, Shubhada has taken no further action to prosecute this appeal.

2

## DECISION

Our authority to take appropriate action for a party's failure to proceed with an appeal is derived from Rule 17 of the Board's 2014 Rules, which was formerly Board Rule 31. It provides, in part, that:

> Whenever the record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may, in the case of a default by the appellant, issue an order to show cause why the appeal should not be dismissed with prejudice for failure to prosecute.... If good cause is not shown, the Board may take appropriate action.

In turn, Board Rule 16 (formerly Board Rule 35) provides for discretionary sanctions where a party "fails to obey an order issued by the Board." We construed the reference to "appropriate action" in former Board Rule 31 to include a dismissal with prejudice as one of the permissible sanctions. *E.g., Government Therapy Servs., Inc.*, ASBCA No. 53972, 04-2 BCA ¶ 32,774 at 162,063. The same construction is applicable to the closely parallel language in Board Rule 16.

Shubhada's conduct falls within two categories specified in Board Rule 17. *First*, the record discloses that Shubhada has failed to "comply with orders of the Board." Shubhada has never complied with the Board's 23 May 2013 and 4 December 2013 orders to move the appeal forward by answering the government's complaint (statements 5-8). *Second*, the record reveals that Shubhada, in the terms of Board Rule 17, has "indicate[d] an intention not to continue the prosecution...of [the] appeal." Shubhada's 30 June 2014 email to the Recorder (statement 10) conveys no intention to prosecute the appeal further by the filing of an answer, and is consistent with Shubhada's failure to take any action whatever in the six months since the email.

3

## CONCLUSION

The motion to dismiss for failure to prosecute is granted. The appeal is dismissed with prejudice.

Dated: 20 January 2015

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58173, Appeal of Shubhada Industries, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals